UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                                                                                    NO. 5:23-CR-13-BJB

GARY SIMS

MEMORANDUM OPINION & ORDER

The Court conditionally accepted Sims' guilty plea to Counts 1–4 of the indictment under Rule 11(c)(1)(C) at the change-of-plea hearing held on January 17, 2024. During the hearing, counsel for the Government and the Defendant both suggested that the conditional nature of the C-plea meant the mandatory-detention statute, 18 U.S.C. § 3143, did not require incarceration before sentencing. Defendant's counsel argued in the alternative that exceptional reasons justified Sims' pre-sentencing release under 18 U.S.C. § 3145(c). Because the parties hadn't raised these issues before the hearing, the Court (with the agreement of the parties) allowed Sims to remain on bond while it considered their positions.

Section 3143(a)(2) requires presentencing detention of defendants who are "found guilty of an offense … described in [§ 3142(f)(1)(C)]" "unless" "there is a substantial likelihood that a motion for acquittal or a new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed" and "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." § 3143(a)(2). Section 3142(f)(1)(C) refers to offenses "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." § 3142(f)(1)(C).

Sims is subject to mandatory presentencing detention under § 3143(a)(2). He pled guilty to four offenses covered by § 3142(f)(1)(C): three counts of distributing methamphetamine and one count of possessing methamphetamine with the intent to distribute. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii); Indictment (DN 1); Plea Agreement ¶ 3 (DN 25). No one contends there is any "substantial likelihood" that a motion for acquittal or a new trial will be granted; Sims pled guilty to the offenses charged in the indictment and has given up his right to trial (and his right to appeal, in all but the narrowest of circumstances). And Sims' plea agreement (at ¶ 11) recommends a sentence of 60 months' imprisonment.

Nothing about the conditional nature of Sims' C-plea changes this analysis. Sims' plea agreement allows him to withdraw his guilty plea if the Court refuses to accept the recommended sentence. ¶ 18. But this does not change that the record, as it currently stands, meets all the requirements for mandatory detention under § 3143(a)(2). In other words, nothing about the conditional nature of a C-plea

1

amounts to a recommendation of no imprisonment or a substantial likelihood of acquittal or a new trial.

Many district courts have reached the same conclusion. These decisions have recognized that the detention statute applies notwithstanding a defendant's C-plea. *See, e.g.*, *United States v. Jackson*, No. 20-cr-161, 2020 WL 3056444 at *2, *3 (D. N.J. 2020) ("Defendant has pled guilty [pursuant to Rule 11(c)(1)(C)] to a charge that carries a 10-year mandatory minimum prison sentence. As a result, neither of the conditions set forth in 18 U.S.C. § 3143(a)(2)(A) apply."); *United States v. Ferry*, 457 F. Supp.3d 1163, 1166, 1168 (D. N.M. 2020) ("Ms. Ferry's Plea Agreement was entered pursuant to Rule 11(c)(1)(C)…. Ms. Ferry, having pled guilty to an offense for which the maximum sentence is life imprisonment or death, is subject to the 'mandatory detention provision.'").

Could Sims still be entitled to pre-sentencing release under § 3145(c)? That statute authorizes the release of "[a] person subject to detention pursuant to section 3143(a)(2) … who meets the conditions of release set forth in section 3143(a)(1) … if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." The conditions of release under § 3143(a)(1) relieve defendants from mandatory presentencing detention if "the defendant shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released." *United States v. Sykes*, 807 F. App'x 553, 554 (6th Cir. 2020) (cleaned up). And "exceptional reasons" amount to a "unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Sandles*, 67 F. App'x 353, 354 (6th Cir. 2003). So to qualify for release under § 3145(c), Sims must establish that that he is not a flight risk, not a danger, and deserving of release based on exceptional reasons.

Sims has not made this showing. Although he does not appear to be a flight risk or a danger, the record lacks evidence (much less clear and convincing evidence) to that effect on which a judge could make the finding required by Congress. And the entirely laudable reasons for release that Sims identified at the hearing—his good working relationship with counsel, an incident-free pretrial supervision, and a need to support three minor children—are not ones that the law has recognized as "extraordinary." This is a high bar. "Exceptional reasons" are "limited to those situations which are 'out of the ordinary,' 'uncommon,' or 'rare.'" *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). Sims' performance on supervision and desire to support his family are commendable, but they are not "rare" or "out of the ordinary." *Id.* Indeed, the Sixth Circuit has held that "cooperation with the government" and "hardship to family and business associates" do not amount to exceptional reasons warranting release. *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002).

Last, the government's acquiescence to Sims' release cannot trump the requirements of the statute, which addresses judges directly: "Except as provided in [§ 3143(a)(2), the exception discussed above], *the judicial officer shall order* that a person who has been found guilty of an offense and who is awaiting imposition or

execution of a sentence … be detained…."  § 3143(a)(1) (emphasis added).  This mandates pre-sentencing detention unless Sims can satisfy §§ 3142(a)(2) or 3145(c), which he has not for the reasons addressed above.

      Because this issue and the Court's ruling were not entirely clear at the time of the plea hearing, the Court will afford Sims two weeks to file a response regarding any good-faith arguments that § 3143(a)(2) applies or that exceptional reasons exist under § 3145(c).  If Sims cannot establish that he is entitled to pre-sentencing release, then he must voluntarily surrender at the instruction of the U.S. Marshal before his sentencing on April 16, 2024.

Benjamin Beaton, District Judge
United States District Court

February 8, 2024